UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



LAWRENCE RUSSELL,

      Petitioner,

   v.

UNITED STATES OF AMERICA,

      Respondent.

17-CR-40
18-CR-105

## ORDER

    The petitioner, Lawrence Russell, appearing *pro se*, has moved to vacate, set aside, or correct his sentence of imprisonment in connection with his guilty pleas on July 26, 2018.  More specifically, Russell pleaded guilty to conspiracy to possess with intent to distribute and conspiracy to distribute at least 28 grams of cocaine base and failure to appear after pre-trial release.  Docket Items 132 (17-CR-40) and 29 (18-CR-105).  *Pro se* motions under 28 U.S.C. § 2255 are generally given a liberal reading "to raise the strongest arguments that they suggest."  *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001 (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).  Giving his pleading that liberal reading, Russell asserts that his counsel was constitutionally ineffective in three ways:  (1) despite his instructions, counsel failed to timely appeal; (2) counsel failed to object to the application of the two-level increase under United States Sentencing Guidelines ("Guidelines") section 2D1.1(b)(1) for possession of a dangerous weapon; and (3) counsel failed to explain the Guidelines to Russell.  *Id.*

In support of allegations (2) and (3) above, Russell states that he "mailed several letters to the US Probation Office, and to this Honorable Court expressing the lack of communication from counsel and his many concerns about several paragraphs in the Presentencing [sic] Investigation Report to no avail." Docket Item 132 at 9. In response, the government moved for an order finding that Russell waived the attorney-client privilege and compelling the production of correspondence. Docket Item 136. In addition, the government sought an extension of time to file its response to Russell's motion.

Russell's assertions and the government's motion to find a waiver and to compel put squarely in issue relevant attorney-client communications, and Russell has waived the attorney-client privilege with respect to the attorney-client communications at issue. *See e.g.*, *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998). Accordingly, to permit the Court to rule on the petitioner's motion, including preliminarily whether an evidentiary hearing is necessary, petitioner's counsel is hereby directed to respond to the petitioner's assertions.

In that response, counsel should specifically address:

(1) whether on February 8, 2019, or any other date, Russell instructed counsel to file an appeal on his behalf; if so, and if that communication was in writing, counsel should provide a copy of any communication to the Court;

(2) whether counsel received from Russell written communications as described in Docket Item 132 at 9 (footnote), or any other communication, expressing Russell's concerns about the presentence investigation report;

2

(3) whether Russell instructed counsel to object to the application of the two-level enhancement under Guidelines section 2D1.1(b)(1); if so, and if that communication was in writing, counsel should provide a copy of any communication to the Court; and

(4) whether counsel refused to object to the application of the two-level enhancement under Guidelines section 2D1.1(b)(1); if so, and if that communication was in writing, counsel should provide a copy of any communication to the Court.

Russell's waiver of the attorney-client privilege does not otherwise waive counsel's obligations to keep his client's confidences. *See, e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 145 (2d Cir. 2016). In an abundance of caution and to protect confidentiality, counsel's submissions therefore shall be delivered to chambers for filing under seal, and the submissions shall remain under seal until further order of the Court. Counsel for the government shall immediately serve a copy of this order upon counsel by First Class mail and shall docket proof of mailing. The Clerk of Court shall immediately mail a copy of this order to petitioner at the address listed on the docket.

Counsel's submissions are due by April 3, 2020.  The government's request for an extension of time to respond to Russell's 2255 motion is granted.  The Court will set a schedule after it reviews counsel's submissions.

SO ORDERED.

Dated:   March 10, 2020
         Buffalo, New York


                                        *s/Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE